UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT A. C. MURPHY,

        Plaintiff,

    v.                                    CAUSE NO. 3:21-CV-954-DRL-MGG

S. McCANN *et al.*,

        Defendants.

OPINION AND ORDER

Robert A. C. Murphy, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Murphy's complaint stems from a conduct report he says should never have been issued. He alleges that on June 18, 2021, he was attacked without provocation by another inmate wielding a metal grate as a weapon. ECF 1 at 1. He defended himself from the attack because, he asserts, if the metal grate had hit him, it would have caused severe injury or even death. *Id.* Mr. Murphy was charged with a Class B, 212 battery offense, and sent to segregation pending the disciplinary hearing. ECF 1 at 2. The next week, a prison official reviewed a video of the fight and filed a report supporting Mr. Murphy's assertion

that he acted only in self-defense. *Id.*; ECF 1-1 at 4. Mr. Murphy contends that after this report was filed, the charges should have been dropped and he should have been released from segregation. ECF 1 at 2. He remained in segregation until after he was found not guilty at a disciplinary hearing on August 19, 2021. ECF 1-1 at 9. His exact release date is unknown.

Mr. Murphy does not state a claim based on the disciplinary charge for which he was found not guilty. He does not have a constitutional right to be free from defending himself from an erroneous conduct report. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Mr. Murphy was not denied due process. He was given a hearing that, in fact, vindicated his claim of self-defense.

Nor does Mr. Murphy's placement in segregation pending resolution of the disciplinary hearing state a claim. The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), inmates have no liberty interest in avoiding short-term transfer to segregation even if they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation). Mr. Murphy does not state a claim based on his time in segregation.

Though being placed in segregation does not state a claim, the conditions Mr. Murphy alleges he endured in his cell could amount to a constitutional violation. He contends that his cell was infested by mice and mosquitoes, which bit him repeatedly. ECF 1 at 3. Then he says those bites got infected. *Id.* He also complains that there were no working lights in his cell, though he does not explain how that affected him. *Id.* He further alleges that the cell conditions exacerbated his asthma because the temperature was consistently above 87 degrees, he had no fan, and he was exposed to second-hand smoke. *Id.* He also claims there was human waste on his cell bars, walls, and on the range. *Id.*

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834; *see Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe

deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Prolonged exposure to infestations by rodents or insects can amount to an Eighth Amendment violation. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Here, construing the complaint liberally, Mr. Murphy has alleged the conditions of his cell were an objectively serious deprivation. However, the complaint does not satisfy the subjective prong because it does not identify which prison official could be charged with being deliberately indifferent to these conditions. The complaint vaguely alleges he wrote the warden about the problems, but does not specifically allege any defendant had personal involvement necessary for liability under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He does not state who he told about his problems, what he told them, or how they responded. Without this information, the court cannot determine whether any defendant has the personal responsibility necessary for liability.

Finally, Mr. Murphy included with his complaint a letter asking to include Indiana State Prison's Medical Department as a defendant. ECF 1-2. He complains that he received inadequate medical care for the bites he received in segregation. This is not the proper way to amend a complaint to add a defendant; but, even if it were, the complaint does not state a claim against the medical department. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2)

4

the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, the complaint does not detail the alleged deficiencies in the medical care he received for the bites. He refers to the exhibits attached to the complaint containing his healthcare request forms. ECF 1-1 at 14-16. But these do not lay out what his medical complaints were, what treatment he received, and who was personally involved in his care. He cannot sue the entire medical department for the actions of a few, individual members. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that to state a claim, the complaint needs to identify the people involved in his care and detail how that care was allegedly deficient.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Murphy may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726,

5

738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Robert A. C. Murphy until **April 20, 2022**, to file an amended complaint; and

(2) CAUTIONS Robert A. C. Murphy if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 17, 2022                                         *s/ Damon R. Leichty*
                                                                   Judge, United States District Court