UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT A. C. MURPHY,

    Plaintiff,

    v.                                        CAUSE NO. 3:21-CV-954-DRL-JEM

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Robert A. C. Murphy, a prisoner without a lawyer, is proceeding in this case "against Warden Ron Neal, Major Wardlow, Lt. Lott, Counselor Craig, and Pest Control Officer Kay in their individual capacities for compensatory and punitive damages for holding him in unconstitutional conditions of confinement in Indiana State Prison's D-Cell House from approximately mid-June 2021 through mid-August 2021, due to a pest infestation, extreme heat, and smoke exposure in violation of the Eighth Amendment[.]" ECF 18 at 9-10. The defendants filed a motion for summary judgment, arguing Mr. Murphy did not exhaust his administrative remedies before filing this lawsuit. ECF 36. Mr. Murphy filed a response, and the defendants filed a reply. ECF 55, 60. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants argue Mr. Murphy did not exhaust his administrative remedies before filing this lawsuit because he submitted a grievance regarding only smoke exposure that was rejected as untimely, and he did not correct and resubmit the grievance. ECF 37 at 5-7. On September 1, 2021, Mr. Murphy submitted a grievance complaining he had been experiencing more frequent headaches and asthma flare-ups since August 5, 2021, due to an increased amount of smoke and drugs in D-Cell House. ECF 37-3 at 6. This grievance complained only of smoke exposure and did not address Mr. Murphy's other claims that he was exposed to a pest infestation and extreme heat. In the grievance, Mr. Murphy explained he had been found not guilty of a battery charge on August 19, 2021, but was still being held in D-Cell House where he was being exposed to excessive second-hand smoke. *Id.* For relief, Mr. Murphy requested that he be moved back to his original cellhouse and that the young men in D-Cell House receive help for their drug addiction. *Id.* On September 14, 2021, the grievance office rejected Mr. Murphy's September 1 grievance as untimely because "grievance must be filed within 10 business days of the date of incident." *Id.* at 5.[1] Mr. Murphy's grievance records show he did not file any other relevant grievances regarding a pest infestation, extreme heat, or smoke exposure in D Cell-House. ECF 37-1 at 6-7.

Here, regarding Mr. Murphy's sub-claim of smoke exposure, the undisputed facts show the grievance office hindered his ability to use the administrative process by

---

[1] The grievance office alternatively rejected Mr. Murphy's September 1 grievance on the ground that he did not provide his housing location. ECF 37-3 at 5. But the defendants do not address this basis for rejecting the grievance in their summary judgment filings.

improperly rejecting his September 1 grievance as untimely, as the grievance complained of an ongoing injury. Specifically, Mr. Murphy's September 1 grievance complained that he was actively experiencing an increased number of headaches and asthma flare-ups due to ongoing exposure to second-hand smoke, and requested as relief that the amount of smoke be reduced and he be moved back to his original cellhouse. Because this grievance sought to remedy an ongoing injury, it was improperly rejected as untimely. *See Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act); *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (examiner failed to explain why a grievance was untimely when the grievance complained of an ongoing injury).

The defendants argue Mr. Murphy was required to correct and resubmit his rejected September 1 grievance within five business days, but it is unclear what corrections Mr. Murphy was expected to make when the undisputed facts show the grievance office improperly rejected his grievance as untimely. To the extent the defendants argue Mr. Murphy should have corrected his September 1 grievance by changing the incident date, this was not a valid reason for rejecting the grievance, as the Offender Grievance Process does not provide that a grievance may be rejected for listing the wrong incident date. *See* ECF 37-2 at 9-10 (listing the requirements for a properly filed grievance); *Goroumi v. Marthakis*, No. 3:19-CV-400, 2021 WL 1549735, 2 (N.D. Ind. April

4

19, 2021) (holding the grievance office improperly rejected a grievance for listing the wrong incident date where the grievance complained of an ongoing injury). Accordingly, because the undisputed facts show the grievance office made Mr. Murphy's administrative remedies unavailable as to his sub-claim of smoke exposure, the defendants have not met their burden to show he had available administrative remedies he did not exhaust before filing this lawsuit.

Regarding Mr. Murphy's sub-claims that the defendants violated his Eighth Amendment rights by exposing him to a pest infestation and extreme heat, neither party provides any evidence Mr. Murphy filed a grievance related to these conditions. Specifically, the Grievance Specialist attests Mr. Murphy never submitted any grievance complaining of these conditions. ECF 37-1 at 6-7. In his response, Mr. Murphy argues he was delayed in submitting grievances, but he does not assert he ever attempted to submit any grievance complaining of exposure to a pest infestation or extreme heat. ECF 55. Therefore, the defendants have met their burden to show Mr. Murphy did not exhaust these sub-claims.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 36) with respect to Robert A. C. Murphy's sub-claim the defendants held him in unconstitutional conditions of confinement due to exposure to a pest infestation and extreme heat;

(2) DENIES the motion for summary judgment (ECF 36) with respect to Robert A. C. Murphy's sub-claim the defendants held him in unconstitutional conditions of confinement due to smoke exposure; and

5

(3) REMINDS the parties this case is now proceeding only on Robert A. C. Murphy's claim against Warden Ron Neal, Major Wardlow, Lt. Lott, Counselor Craig, and Pest Control Officer Kay in their individual capacities for compensatory and punitive damages for holding him in unconstitutional conditions of confinement in Indiana State Prison's D-Cell House from approximately mid-June 2021 through mid-August 2021, due to smoke exposure in violation of the Eighth Amendment.

SO ORDERED.

August 10, 2023              *s/ Damon R. Leichty*
                             Judge, United States District Court